WILLARD H. RICE *vs.* ELIZABETH M. MOOREHOUSE.

Middlesex.   November 14, 1889. — January 2, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Private Nuisance — High Fence — Abatement — Judicial Discretion — Exceptions.*

In an action under the St. of 1887, c. 348, for maliciously maintaining a fence unnecessarily exceeding six feet in height, the defendant before trial voluntarily cut down the fence, but to a point still exceeding that height, and the verdict was for the plaintiff. *Held,* that, under the Pub. Sts. c. 180, it was within the discretion of the presiding judge, to the exercise of which no exception lay, to order an abatement of the fence to a height not exceeding six feet.

TORT, under the St. of 1887, c. 348, for maliciously maintaining a fence unnecessarily exceeding six feet in height, near the boundary line of adjoining estates of the parties, in Waltham. Trial in the Superior Court, before *Dewey*, J., who allowed exceptions, which appear in the opinion.

*H. N. Allin & G. L. Mayberry*, for the defendant.

*C. F. Stone & T. H. Armstrong*, for the plaintiff.

DEVENS, J.   The defendant had been sued, under the St. of 1887, c. 348, for maintaining unnecessarily a fence over six feet in height, for the purpose of annoying the plaintiff. At some time previous to the trial, but after action brought, the defendant cut down the fence from sixteen feet to seven and a half feet in height. At the trial, the jury were instructed that they must be satisfied that, for some time after the passage of the statute and before the bringing of the action, the defendant had mali-

ciously maintained this fence solely or mainly for the purpose
of annoying the plaintiff; that any evidence as to the defend-
ant's conduct at other times was only competent as it might
have a tendency to show her purpose during this time; and
that her intent in erecting or maintaining the fence at other
times was not an issue for the jury. To these instructions no
exception was taken, and, the jury having found for the plain-
tiff, a motion was made by the plaintiff for judgment that the
fence be abated. The defendant contended that the court had
no authority to order an abatement, but the presiding judge
decided otherwise, ruled that he had authority under the statute
to order judgment for an abatement of so much of the fence as
exceeded six feet in height, and ordered judgment accordingly.
To this ruling and order the defendant excepted.

That, if this order of the court was one within its discretion,
no exception would lie thereto, will hardly be controverted.
*Codman* v. *Evans*, 7 Allen, 431. The contention of the defend-
ant is, that the only fence which had been adjudged a nuisance
was one much higher than seven and a half feet; that there
was no adjudication that the fence, as it existed when the order
of abatement was passed, was a nuisance; that the court had
no discretion in regard to the subject; and that therefore such
order was erroneously made. The provisions of the Pub. Sts.
c. 180, concerning actions for private nuisances, are made appli-
cable to cases arising under the St. of 1887, c. 348. Section 1
of this chapter authorizes the court, when the plaintiff has pre-
vailed in an action for a nuisance, besides the costs and damages,
to enter judgment that the nuisance be abated and removed.
Section 3 of the same chapter, when a judgment is rendered for
a continuance or repetition of the same nuisance, makes it the
duty of the court to enter such an order.

The allegation made against the defendant was that of unne-
cessarily, and for the purposes of annoyance, maintaining a fence
over six feet in height. If it was found that she had so done,
it was for the court to determine whether it should be abated.
By herself reducing the height of the fence, either before or
after the trial, she did not prevent the court from exercising
this discretion. The maintenance of the unlawful structure
gave the court jurisdiction of the matter of which the plaintiff

complained.  Of this the defendant could not deprive it by making alterations, whether material or immaterial, in that which had constituted the nuisance.  If material, they would undoubtedly be taken into account in determining whether there should be an order for abatement.  Any other rule than this would lead to almost endless confusion and trickery before such a nuisance could be abated, as the defendant might see fit to reduce her fence foot by foot, or it may be inch by inch, and the remedy given by the statute upon such an interpretation of it would be practically valueless.

We are therefore of opinion, that the court had authority to exercise its discretion in determining whether the fence should be abated.                              *Exceptions overruled.*