DAVID S. SPAULDING *vs.* ETHAN A. SMITH & another.

Middlesex.    November 16, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Private Nuisance* — " *Adjoining Property* " — *Statute* — *Action.*

The owner of land on one side and extending to the centre of a highway cannot, under St. 1887, c. 348, maintain an action against an owner of land on the opposite side and extending to the centre of the same highway, for maliciously maintaining, on the line of the highway opposite the plaintiff's land, a fence unnecessarily exceeding six feet in height, for the purpose of annoying the plaintiff.

TORT, under St. 1887, c. 348, for maliciously maintaining a fence unnecessarily exceeding the height of six feet on land adjoining that of the plaintiff, for the purpose of annoying him. At the trial in the Superior Court, before *Sheldon*, J., it appeared that the plaintiff was the owner in fee of a certain lot of land situate on the easterly side of a county road in Dracut, and the defendants were the owners in fee of another tract of land situate on the westerly side of the road and opposite that of the plaintiff, and that the road was forty-two feet wide.

It was agreed that the boundaries described in the respective deeds of the plaintiff and the defendants gave to each the fee in the road to the centre thereof, subject to the public easement.

The plaintiff proved all the facts necessary to enable him to maintain his action, provided the property of the plaintiff adjoined the property of the defendants within the meaning of the statute.

After the evidence was all in, the defendants asked the judge to rule that the respective properties did not so adjoin, and to direct a verdict for the defendants.

The judge so ruled, and directed the jury to return a verdict for the defendants; and the plaintiff alleged exceptions.

*J. H. Morrison*, for the plaintiff.

*G. F. Richardson*, for the defendants.

BARKER, J.  A verdict was rightly ordered for the defendants. The fence which the plaintiff contends was a private nuisance

for which he has an action under the provisions of St. 1887, c. 348, was not a boundary fence between his lands and those of the defendants. It was upon the opposite side of the highway, at least twenty-one feet from the nearest part of 'his land, and separated from all his land which was not part of the highway by a space forty-two feet wide. It is true that he and the defendants own the soil of the highway subject to the public easement, each of the parties so owning to the centre of the way, and that in that sense they are owners of adjoining properties. But we think that the fence was not so situated with reference to the land of the adjoining owner, who complains that it is a private nuisance, as to be within the meaning of the statute.

In *Rideout* v. *Knox*, 148 Mass. 368, in holding the statute constitutional, it was said that it was at least doubtful whether the act applied to fences not substantially adjoining the injured party's land ; and one reason given for sustaining the statute was because its curtailment of the rights of property was insignificant, the limitations imposed being small enough in degree to be upheld under the police power, while larger limitations of the rights of owners can be imposed only by the exercise of the right of eminent domain. To hold the fence of which the plaintiff complains to be within the meaning of the statute would, we think, be a greater limitation of the rights of owners than the Legislature intended to impose.     *Exceptions overruled.*