FRANCES B. BROSTROM *vs.* CHARLES LAUPPE.

Norfolk.    January 16, 1901. — June 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Nuisance.    Fence.*

St. 1887, c. 348, providing that a fence unnecessarily exceeding six feet in height, maliciously erected or maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance, and giving a remedy for damages sustained thereby, does not apply to a fence which is not on or near a division line.  A fence from three to ten feet from a division line and extending its entire length is not on or near it.

TORT under St. 1887, c. 348, to recover damages caused by the malicious erection and maintenance of a fence unnecessarily exceeding six feet in height.   Writ dated June 3, 1899.

At the trial in the Superior Court, before *Bond*, J., without a jury, it appeared, that the plaintiff was the owner in fee of a certain lot of land with a dwelling house thereon on the easterly side of Hyde Park Avenue, a public highway in the town of Hyde Park, and the defendant was the owner in fee of another tract of land on the same avenue, adjoining the land of the plaintiff on the northerly side thereof, the line between the two estates being about ninety feet in length; that the fence com-

plained of was erected on the land of the defendant; that it
began about three feet distant from the front fence of the de-
fendant, and extended substantially the entire length of the lot,
and was from three to ten feet from the dividing line between
the estates; that the plaintiff's residence was situated about
eighteen feet from the dividing line, and the defendant's resi-
dence about fifty feet from that line.

The following is copied from a plan used at the argument.

The judge found as a fact, that the fence was maliciously
erected and maintained by the defendant for the purpose of
annoying the owner and occupant of the adjoining property.
He ruled, that the fence, being erected on the defendant's land
from three to ten feet from the boundary line between the de-
fendant's land and the land of the plaintiff was not within the
provisions of St. 1887, c. 348, and for this reason only found for
the defendant.   The plaintiff alleged exceptions.

*E. C. Jenney*, for the plaintiff.

*J. A. Halloran*, for the defendant.

LORING, J.   With some hesitation we have come to the con-
clusion that the ruling was right.   We do not agree with the
defendant's argument that the word " fence " means a division
fence.   But we do think that the statute must be construed in
the light of the kind and the extent of the restriction which the
Legislature intended to impose, and, so construed, we are of

opinion that the fence, which is wholly on the defendant's own land and, except for the wings at the two ends of it, is nine feet and one half to eleven feet distant from the division line between the two estates, is not within St. 1887, c. 348.

In *Rideout* v. *Knox*, 148 Mass. 368, the purpose and extent of the act are considered at length. It was there shown that it was not intended to curtail the use of land generally, nor to curtail the owner's rights to those uses of the land, which are the immediate rights of ownership, but that it was limited to curtailing a more or less necessary incident of ownership, namely, erecting a fence for the sake of annoying a neighbor; and in this connection it was said: "It is at least doubtful whether the act applies to fences not substantially adjoining the injured party's land." In *Smith* v. *Morse*, 148 Mass. 407, it was held that the act did not create an easement in the plaintiff. And, finally, it was held in *Spaulding* v. *Smith*, 162 Mass. 543, that the language of the act is not to be taken technically, and that a fence on the other side of a public highway was not within the statute, though the plaintiff and the defendant were owners of adjoining lands by owning to the centre of the way. The fence in *Rideout* v. *Knox*, 148 Mass. 368, was erected "against the fence which stood on the line dividing the estates of the parties." In *Smith* v. *Morse*, 148 Mass. 407, it was alleged in the declaration that the fence was "on or near the line between the plaintiff's said premises and the said premises owned or occupied by the defendant." In *Rice* v. *Moorehouse*, 150 Mass. 482, it is stated in the bill of exceptions that the fence was "on or near the line between her [the defendant's] land and land of plaintiff." In *Lord* v. *Langdon*, 91 Maine, 221, relied on by the plaintiff, the fence complained of was "about two feet from the division fence separating the two lots."

Construing the statute in the light of the extent and purpose which the Legislature had in mind, we are of opinion that it does not apply to a fence which is not on, or near, the division line.

*Exceptions overruled.*